```
                                    Entered on Docket
                                    November 03, 2011
                                    GLORIA L. FRANKLIN, CLERK
1   EDDIE R. JIMENEZ (CA SBN 231239) U.S BANKRUPTCY COURT
    GAGAN G. VAIDEESWARAN (CA SBN 272403) DISTRICT OF CALIFORNIA
2   PARADA KOVADI (CA SBN 272724)
    PITE DUNCAN, LLP                Signed: November 02, 2011
3   4375 Jutland Drive, Suite 200
    P.O. Box 17933
4   San Diego, CA 92177-0933
    Telephone: (858) 750-7600
5   Facsimile:  (619) 590-1385     _____
                                            ALAN JAROSLOVSKY
6                                           U.S. Bankruptcy Judge
                                   _____
7
    Attorneys for  Wells Fargo Bank, N.A. also known as Wachovia Mortgage, a division of Wells
8                  Fargo Bank, N.A, and formerly known as Wachovia Mortgage FSB, formerly
                   known as World Savings Bank, FSB
9

10                          UNITED STATES BANKRUPTCY COURT

11               NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

12   In re                                 Case No. 10-14663-AJ

13   STEVEN MARTINEZ AND HEIDI C           Chapter 13
     MARTINEZ,
14                                         R.S. No. GGV-53

15                                         CONDITIONAL ORDER ON MOTION
                                           FOR RELIEF FROM AUTOMATIC STAY
16
                                           DATE:   September 22, 2011
17                                         TIME:   9:00 AM

18
                                           Northern District of California - Santa Rosa
19                                         Division
                                           United States Bankruptcy Court
20                 Debtor(s).              99 South "E" Street
                                           Santa Rosa, CA 95404-6524
21
```

The above-captioned matter came on for hearing on September 22, 2011, at 9:00 AM, upon the Motion of Wells Fargo Bank, N.A. also known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A, and formerly known as Wachovia Mortgage FSB, formerly known as World Savings Bank, FSB ("Movant"), for relief from the automatic stay of 11 U.S.C. § 362, to enforce its interest in the property of Steven Martinez and Heidi C Martinez ("Debtors") commonly known as 147 Quarry Ridge Court, Healdsburg, California 95448-7046 (the "Real Property"), which is legally described as follows:

- 1 -

SEE LEGAL DESCRIPTION AS EXHIBIT TO PROPOSED CONDITIONAL ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY, DOCKET ENTRY NUMBER 22.

Appearances as noted on the record.

Based on the arguments of counsel, and good cause appearing therefor,

IT IS HEREBY ORDERED:

1. Debtors shall bring the loan completely post-petition current on or before November 21, 2011, or the automatic stay of 11 U.S.C. § 362, shall be terminated;

2. If Debtors bring the loan completely post-petition current on or before November 21, 2011, Movant may restore its Motion for Relief from Automatic Stay upon a future default;

3. In the event the automatic stay is terminated, Movant shall be authorized to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust, and pursuant to applicable state law;

4. In the event the automatic stay is terminated, the 14-day stay provided by Bankruptcy Rule 4001 (a)(3) shall be waived;

5. Post-petition attorneys' fees and costs for the within motion may be added to the outstanding balance of the subject Note as allowed under applicable non-bankruptcy law;

6. Upon foreclosure, in the event Debtors fail to vacate the Real Property, Movant may proceed in State Court for unlawful detainer pursuant to applicable state law;

7. In the event the automatic stay is terminated, the Chapter 13 Trustee shall cease making any payments in regard to Movant's claim filed in this bankruptcy case;

8. Movant may offer and provide Debtors with information re: a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case; and

9. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

** END OF ORDER **